## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

CARLOS BRITO,

       Plaintiff,

v.


PALM SPRINGS MILE ASSOCIATES,
LTD.; ROSS DRESS FOR LESS INC.;
THE TJX COMPANIES, INC.; WINN-
DIXIE STORES, INC.; and DON PAN
HIALEAH 585, LLC.

       Defendants.

_____/

## **COMPLAINT**

Plaintiff, CARLOS BRITO, individually and on behalf of all other similarly situated mobility-impaired individuals (hereinafter "Plaintiff"), sues PALM SPRINGS MILE ASSOCIATES, LTD.; ROSS DRESS FOR LESS INC.; THE TJX COMPANIES, INC.; WINN-DIXIE STORES, INC.; and DON PAN HIALEAH 585, LLC., (hereinafter "Defendants"), and as grounds alleges:

### JURISDICTION, PARTIES. AND VENUE

1.     This is an action for injunctive relief, a declaration of rights, attorneys' fees, litigation expenses, and costs pursuant to 42 U.S.C. § 12181, et seq., (the "Americans with Disabilities Act" or "ADA") and 28 U.S.C. §§ 2201 and 2202.

2.     The Court has original jurisdiction over Plaintiff's claims arising under 42 U.S.C. § 12181, et seq. pursuant to 28 U.S.C. §§ 1331, 1343 and 42 U.S.C. § 12117(a).

3.     The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 2201 and 2202, and may render declaratory judgment on the existence or nonexistence of any right under 42

U.S.C. § 12181, et seq.

4.      Plaintiff, CARLOS BRITO, is an individual over eighteen years of age, residing in Miami-Dade County, Florida, and is otherwise *sui juris*.

5.      At all times material, Defendant, PALM SPRINGS MILE ASSOCIATES, LTD., owned an operated a place of public accommodation at 415 W 49th St, Hialeah, FL 33012, (hereinafter the "Commercial Property") and conducted a substantial amount of business in that place of public accommodation in Miami-Dade, Florida.

6.      At all times material, Defendant, PALM SPRINGS MILE ASSOCIATES, LTD., owned an operated an office building located at 415 W 49th St, Hialeah, FL 33012, (hereinafter the "Commercial Property") and conducted a substantial amount of business in that place of public accommodation in Miami-Dade, Florida.

7.      At all times material, Defendant, PALM SPRINGS MILE ASSOCIATES, LTD., was and is a Florida Limited Partnership, organized under the laws of the state of Florida with its principal place of business in New York, NY, and with its registered agent located in Tallahassee, Florida.

8.      At all times material, Defendant, ROSS DRESS FOR LESS INC., owned and operated a retail store at 415 W 49th St, Hialeah, FL 33012, (hereinafter the "Commercial Property") and conducted a substantial amount of business in that place of public accommodation in Miami-Dade, Florida. ROSS DRESS FOR LESS INC. holds itself out to the public as "Ross Store #511."

9.      At all times material, Defendant, ROSS DRESS FOR LESS INC., was and is a Foreign Profit Corporation, organized under the laws of the state of California with its principal place of business in Dublin, California, and with its registered agent located in Plantation, Florida.

10.     At all times material, Defendant, THE TJX COMPANIES, INC., owned and operated a retail store at 415 W 49th St, Hialeah, FL 33012, (hereinafter the "Commercial Property") and conducted a substantial amount of business in that place of public accommodation in Miami-Dade, Florida. THE TJX COMPANIES, INC. holds itself out to the public as "TJ Maxx #593."

11.     At all times material, Defendant, THE TJX COMPANIES, INC., was and is a Florida Limited Liability Company, with its principal place of business in Hialeah, Florida.

12.     At all times material, Defendant, WINN-DIXIE STORES, INC., owned and operated a supermarket business and place of public accommodation located at 415 W 49th St, Hialeah, FL 33012, (hereinafter the "Commercial Property") and conducted a substantial amount of business in that place of public accommodation in Miami-Dade, Florida. WINN-DIXIE STORES, INC. holds itself out to the public here as "Fresco y Mas."

13.     At all times material, Defendant, WINN-DIXIE STORES, INC., was and is a Florida Corporation, with its principal place of business in Jacksonville, Florida.

14.     At all times material, Defendant, DON PAN HIALEAH 585, LLC., owned and operated a restaurant and place of public accommodation at 415 W 49th St, Hialeah, FL 33012, (hereinafter the "Commercial Property") and conducted a substantial amount of business in that place of public accommodation in Miami-Dade, Florida. DON PAN HIALEAH 585, LLC. holds itself out to the public as "Don Pan."

15.     At all times material, Defendant, DON PAN HIALEAH 585, LLC., was and is a Florida Limited Liability Company, with its principal place of business in Hialeah, Florida.

16.     Venue is properly located in the Southern District of Florida because Defendants' Commercial Property is located in Miami-Dade County, Florida, Defendants regularly conduct

business within Miami-Dade County, Florida, and because a substantial part(s) of the events or omissions giving rise to these claims occurred in Miami-Dade County, Florida.

<u>FACTUAL ALLEGATIONS</u>

17.     Although over twenty-eight (28) years have passed since the effective date of Title III of the ADA, Defendants have yet to make its facilities accessible to individuals with disabilities.

18.     Congress provided commercial businesses one and a half years to implement the Act. The effective date was January 26, 1992.  In spite of this abundant lead-time and the extensive publicity the ADA has received since 1990, Defendants continue to discriminate against people who are disabled in ways that block them from access and use of Defendants' business and properties.

19.     The ADA prohibits discrimination on the basis of disability in 28 CFR 36.201 and requires landlords and tenants to be liable for compliance.

20.     Plaintiff, CARLOS BRITO, is an individual with disabilities as defined by and pursuant to the ADA. Plaintiff, CARLOS BRITO, is, among other things, a paraplegic (paralyzed from his T-6 vertebrae down) and is therefore substantially limited in major life activities due to his impairment, including, but not limited to, not being able to walk or stand. Plaintiff requires the use of a wheelchair to ambulate.

21.     Defendant, PALM SPRINGS MILE ASSOCIATES, LTD., owns, operates and oversees the Commercial Property, to include but not limited too, its general parking lot, parking spots, and the office building located on the Commercial Property.

22.     The subject Commercial Property is open to the public and is located in Hialeah, Miami-Dade County, Florida.

23.     The individual Plaintiff visits the Commercial Property and business located

4

within the Commercial Property, regularly, and returned to the Property to document the ADA barriers at the Commercial Property and business located within the Commercial Property on or about October 14, 2020 and November 13, 2020 encountering multiple violations of the ADA that directly affected his ability to use and enjoy the Commercial Property and business located therein. He often visits the Commercial Property and business located within the Commercial Property in order to avail himself of the goods and services offered there, and because it is approximately nineteen (19) miles from his residence, and is near his friends' residences as well as other business he frequents as a patron. He plans to return to the Commercial Property and the business located within the Commercial Property within one (1) month of the filing of this Complaint, specifically on November 25, 2020.

24.     Plaintiff resides nearby in the same County and state as the Commercial Property and the business located within the Commercial Property, has regularly frequented the Defendants' Commercial Property and the business located within the Commercial Property for the intended purposes because of the proximity to his and his friends' residences and other business that he frequents as a patron, and intends to return to the Commercial Property and business located within the Commercial Property within one (1) month from the filing of this Complaint. Specifically, Plaintiff intends to revisit the Property on November 25, 2020.

25.     The Plaintiff found the Commercial Property, and the business located within the Commercial Property to be rife with ADA violations.  The Plaintiff encountered architectural barriers at the Commercial Property, and business located within the Commercial Property and wishes to continue his patronage and use of each of the premises.

26.     The Plaintiff has encountered architectural barriers that are in violation of the ADA at the subject Commercial Property, and business located within the Commercial Property.

The barriers to access at Defendants' Commercial Property, and the business located within the Commercial Property have each denied or diminished Plaintiff's ability to visit the Commercial Property, and business located within the Commercial Property, and have endangered his safety in violation of the ADA.  The barriers to access, which are set forth below, have likewise posed a risk of injury(ies), embarrassment, and discomfort to Plaintiff, CARLOS BRITO, and others similarly situated.

27.     Defendant, PALM SPRINGS MILE ASSOCIATES, LTD., owns and operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201 (a) and 36.104.  Defendant, PALM SPRINGS MILE ASSOCIATES, LTD., also owns and operates an office building within the Commercial Property. ROSS DRESS FOR LESS INC., owned and operated a retail store within the Commercial Property. Defendant, THE TJX COMPANIES, INC., owned and operated a retail store within the Commercial Property. Defendant, WINN-DIXIE STORES, INC., owned and operated a supermarket business and place of public accommodation within the Commercial Property. Defendant, DON PAN HIALEAH 585, LLC., owned and operated a restaurant and place of public accommodation within the Commercial Property. The place of public accommodation that Defendants, PALM SPRINGS MILE ASSOCIATES, LTD.; ROSS DRESS FOR LESS INC.; THE TJX COMPANIES, INC.; WINN-DIXIE STORES, INC.; and DON PAN HIALEAH 585, LLC., own and/or operate is located at 415 W 49th St, Hialeah, FL 33012.

28.     Plaintiff, CARLOS BRITO, has a realistic, credible, existing and continuing threat of discrimination from the Defendants' non-compliance with the ADA with respect to the described Commercial Property and the business located within the Commercial Property, including but not necessarily limited to the allegations in Counts I through VI of this Complaint.

Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination at the Commercial Property, and business located within the Commercial Property, in violation of the ADA. Plaintiff desires to visit the Commercial Property and business located therein, not only to avail himself of the goods and services available at the Commercial Property, and business located within the Commercial Property, but to assure himself that the Commercial Property and business located within the Commercial Property are in compliance with the ADA, so that he and others similarly situated will have full and equal enjoyment of the Commercial Property, and business located within the Commercial Property without fear of discrimination.

29.    Defendant, PALM SPRINGS MILE ASSOCIATES, LTD., as landlord and owner of the Commercial Property, is responsible for all ADA violations listed in Counts I through VI of this Complaint.

30.    Defendants have discriminated against the individual Plaintiff by denying him access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the Commercial Property, and business located within the Commercial Property, as prohibited by 42 U.S.C. § 12182 et seq.

## COUNT I
## AS TO PALM SPRINGS MILE ASSOCIATES, LTD.

31.    The Plaintiff adopts and re-alleges the allegations set forth in paragraphs 1 through 30 above as though fully set forth herein.

32.    Defendant, PALM SPRINGS MILE ASSOCIATES, LTD., has discriminated, and continues to discriminate, against Plaintiff in violation of the ADA by failing, inter alia, to have accessible facilities by January 26, 1992 (or January 26, 1993, if a Defendants have 10 or fewer employees and gross receipts of $500,000 or less).  A list of the violations that Plaintiff encountered during his visit to the Commercial Property, include but are not limited to, the

following:

A. <u>Parking</u>

i. The plaintiff had difficulty accessing the facility, as there are designated accessible parking spaces located too far from an accessible route to the facility. Violation: Some of the accessible parking spaces are not located on the shortest route to an accessible entrance, violating Section 4.6.2 of the ADAAG and Section 208.3.1 of the 2010 ADA Standards, whose resolution is readily achievable.

ii. The plaintiff had difficulty exiting the vehicle, as designated accessible parking spaces are located on an excessive slope. Violation: There are accessible parking spaces located on an excessive slope violating Section 4.6.3 of the ADAAG and Section 502.4 of the 2010 ADA Standards, whose resolution is readily achievable.

iii. The plaintiff had difficulty exiting the vehicle, as designated accessible parking space access aisles are located on an excessive slope. Violation: There are accessible parking space access aisles located on an excessive slope violating Section 4.6.3 of the ADAAG and Section 502.4 of the 2010 ADA Standards, whose resolution is readily achievable.

B. <u>Entrance Access and Path of Travel</u>

i. The plaintiff had difficulty using some of the curb ramps, as the slopes are excessive. Violation: There are curb ramps at the facility that contain excessive slopes, violating Section 4.7.2 of the ADAAG and Sections 405.2 and 406.1 of the 2010 ADA Standards, whose resolution is readily achievable.

ii. The plaintiff had difficulty traversing the path of travel, as it was not continuous and accessible. Violation: There are inaccessible routes from the public sidewalk and transportation stop. These are violations of the requirements in Sections 4.3.2(1), 4.3.8, 4.5.1, and 4.5.2 of the ADAAG and Sections 206.2.1, 302.1, 303, and 402.2 of the 2010 ADA Standards, whose resolution is readily achievable.

iii.  The plaintiff had difficulty traversing the path of travel due to abrupt changes in level. Violation: There are changes in levels of greater than ½ inch, violating Sections 4.3.8 and 4.5.2 of the ADAAG and Section 303 of the 2010 ADA Standards, whose resolution is readily achievable.

iv.  The plaintiff had difficulty traversing the path of travel, as there are cross slopes in excess of 2%. Violation: The path of travel contains excessive cross slopes in violation of Section 4.3.7 of the ADAAG and Section 403.3 of the 2010 ADA Standards, whose resolution is readily achievable.

v.  The plaintiff had difficulty traversing the path of travel, as it was not continuous and accessible. Violation: There are inaccessible routes between sections of the facility. These are violations of the requirements in Sections 4.3.2(2), 4.3, and 4.5 of the ADAAG and Sections 206.2.2, 303, 402 and 403, whose resolution is readily achievable.

vi.  The plaintiff could not enter tenant spaces without assistance, as the required level landing is not provided. Violation: A level landing that is 60 inches minimum perpendicular to the doorway is not provided at accessible entrances violating Section 4.13.6 and Figure 25(a) of the ADAAG and Section 404.2.4 of the 2010 ADA Standards, whose resolution is readily achievable.

vii.  There are objects on the path of travel at the facility that protrude more than the maximum allowable, violating Section 4.4.1 of ADAAG and Section 307.2 of the 2010 ADA Standards, whose resolution is readily achievable.

viii.  The plaintiff could not traverse through areas of the facility, as the required 36" path is not provided. Violation: A continuous path of travel connecting all essential elements of the facility is not provided, violating Sections 4.2.1, 4.3.2(2), & 4.3.3 of the ADAAG and Sections 206.2.2 & 403.5.1 of the 2010 ADA Standards, whose resolution is readily achievable.

ix.  The plaintiff had difficulty entering tenant spaces without assistance, as the entrance thresholds are too high. Violation: There are threshold rises in excess of ½ inch at the tenant entrances, violating Section 4.13.8 of the ADAAG and Section 404.2.5 of the 2010 ADA Standards, whose

resolution is readily achievable.

x.   The plaintiff had difficulty using ramps, as they are located on an excessive slope. Violation: Ramps at the facility contain excessive slopes, violating Section 4.8.2 of the ADAAG and Section 405.2 of the 2010 ADA Standards, whose resolution is readily achievable.

xi.   The plaintiff had difficulty on the path of travel at the facility, as ramps do not have compliant handrails violating Section 4.8.5 of the ADAAG and Section 405.8 of the 2010 ADA Standards, whose resolution is readily achievable.

xii.   The plaintiff had difficulty traversing the path of travel, as there are wide openings on ground surfaces. Violation: There are inaccessible routes with openings more than ½". These are violations of the requirements in Section 4.5.4 of the ADAAG and Section 302.3 of the 2010 ADA Standards, whose resolution is readily achievable.

xiii.   The plaintiff had difficulty entering tenant spaces without assistance, as the door hardware requires tight grasping. Violation: The tenant entrance doors have non-compliant hardware for disabled patrons, violating Section 4.13.9 of the ADAAG and Sections 309.4 and 404.2.7 of the 2010 ADA Standards, whose resolution is readily achievable.

## COUNT II
## AS TO PALM SPRINGS MILE ASSOCIATES, LTD. (419 OFFICE BUILDING)

33.   The Plaintiff adopts and re-alleges the allegations set forth in paragraphs 1 through 30 above as though fully set forth herein.

34.   Defendant, PALM SPRINGS MILE ASSOCIATES, LTD., has discriminated, and continues to discriminate, against Plaintiff in violation of the ADA by failing, inter alia, to have accessible facilities by January 26, 1992 (or January 26, 1993, if a Defendants have 10 or fewer employees and gross receipts of $500,000 or less).   A list of the violations that Plaintiff encountered during his visit to the Commercial Property, include but are not limited to, the following:

A.  Access to Goods and Services

i.  There are drinking fountains that don't provide access to those who have difficulty bending or stooping. Violation: There are drinking fountains that are in violation of Section 4.1.3(10) of the ADAAG and Sections 211.2 & 602.7 of the 2010 ADA Standards, whose resolution is readily achievable.

B.  Public Restrooms

i.  There are permanently designated interior spaces without proper signage, violating Section 4.1.3(16) and 4.30 of the ADAAG and Sections 216.2 and 703 of the 2010 ADA Standards, whose resolution is readily achievable.

ii.  The plaintiff could not use the accessible toilet compartment door without assistance, as it is not self-closing and does not have compliant door hardware. Violation: The accessible toilet compartment door does not provide hardware and features that comply with Sections 4.17.5 and 4.13.9 of the ADAAG and Sections 309.4 and 604.8.1.2 of the 2010 ADA Standards, whose resolution is readily achievable.

iii.  The plaintiff could not enter the accessible toilet compartment without assistance, as the required maneuvering clearance is not provided. Violation: The accessible toilet compartment does not provide the required latch side clearance at the door violating Sections 4.13.6 and 4.17.5 of the ADAAG and Sections 404.2.4 and 604.8.1.2 of the 2010 ADA Standards, whose resolution is readily achievable.

iv.  The plaintiff had difficulty using the urinals as the rims are mounted too high. Violation: There are urinals provided for public use that do not comply with the standards set forth in Section 4.18.2 of the ADAAG and Section 605.2 of the 2010 ADA Standards, whose resolution is readily achievable.

v.    The plaintiff could not use the coat hook without assistance, as it is mounted too high. Violation: There are coat hooks provided for public use in the restroom, outside the reach ranges prescribed in Sections 4.2.5, 4.2.6, and 4.25.3 of the ADAAG and Sections 308 and 604.8.3 of the 2010 ADA Standards, whose resolution is readily achievable.

vi.   The plaintiff was exposed to a cutting/burning hazard because the lavatory outside the accessible toilet compartment have pipes that are not wrapped. Violation: The lavatory pipes are not fully wrapped or maintained outside the accessible toilet compartment violating Section 4.19.4 of the ADAAG and Sections 213.3.4 & 606.5 of the 2010 ADA Standards, whose resolution is readily achievable.

vii.  The plaintiff could not flush the toilet without assistance, as the flush valve is not mounted on the wide area. Violation: The flush valve is not mounted on the compliant side in violation of Section 4.16.5 of the ADAAG and Section 604.6 of the 2010 ADA Standards, whose resolution is readily achievable.

viii. The plaintiff had difficulty using the toilet without assistance, as it is not mounted at the required distance from the side wall. Violation: The water closet in the accessible toilet compartment is mounted at a non-compliant distance from the wall in violation of Section 4.17.3 and Figure 30(a) of the ADAAG and Section 604.2 of the 2010 ADA Standards, whose resolution is readily achievable.

ix.   The plaintiff could not transfer to the toilet without assistance, as the rear grab bar is not the required length. Violation: The grab bars in the accessible toilet compartment do not comply with the requirements prescribed in Section 4.17.6 of the ADAAG and Sections 604.5.2 and 609 of the 2010 ADA Standards, whose resolution is readily achievable.

x.    The  plaintiff  could  not  use  the  lavatory  outside  the  accessible  toilet  compartment  without

assistance, as the required toe clearance is not provided. Violation: There are lavatories outside the accessible toilet compartment that don't provide the required clearances violating Section 4.19.2 & Figure 31 of the ADAAG and Sections 213.3.4, 306.2, & 606.2 of the 2010 ADA Standards, whose resolution is readily achievable.

## COUNT III
## AS TO PALM SPRINGS MILE ASSOCIATES, LTD. AND ROSS DRESS FOR LESS INC.

35.     The Plaintiff adopts and re-alleges the allegations set forth in paragraphs 1 through 30 above as though fully set forth herein.

36.     Defendants, PALM SPRINGS MILE ASSOCIATES, LTD. and ROSS DRESS FOR LESS INC., have discriminated, and continue to discriminate, against Plaintiff in violation of the ADA by failing, inter alia, to have accessible facilities by January 26, 1992 (or January 26, 1993, if a Defendants have 10 or fewer employees and gross receipts of $500,000 or less).  A list of the violations that Plaintiff encountered during his visit to the Commercial Property, include but are not limited to, the following:

A.  Public Restrooms

i.  The plaintiff was exposed to a cutting/burning hazard because the lavatory outside the accessible toilet compartment have pipes that are not wrapped. Violation: The lavatory pipes are not fully wrapped or maintained outside the accessible toilet compartment violating Section 4.19.4 of the ADAAG and Sections 213.3.4 & 606.5 of the 2010 ADA Standards, whose resolution is readily achievable.

ii.  The plaintiff could not use the accessible toilet compartment door without assistance, as it is not self-closing and does not have compliant door hardware. Violation: The accessible toilet compartment door does not provide hardware and features that comply with Sections 4.17.5 and 4.13.9 of the ADAAG and Sections 309.4 and 604.8.1.2 of the 2010 ADA Standards, whose

resolution is readily achievable.

iii.   The plaintiff was exposed to a cutting/burning hazard because the lavatory pipes are not wrapped. Violation: The lavatory pipes are not fully wrapped or insulated violating Section 4.19.4 of the ADAAG and Section 606.5 of the 2010 ADA Standards, whose resolution is readily achievable.

iv.   The plaintiff could not use the soap dispenser without assistance, as it is mounted too high. Violation: There are dispensers provided for public use in the restroom, with controls outside the ranges prescribed in Sections 4.2.5, 4.2.6, and 4.27.3 of the ADAAG and Sections 308 & 309.3 of the 2010 ADA Standards, whose resolution is readily achievable.

v.   The plaintiff could not flush the toilet without assistance, as the flush valve is not mounted on the wide area. Violation: The flush valve is not mounted on the compliant side in violation of Section 4.16.5 of the ADAAG and Section 604.6 of the 2010 ADA Standards, whose resolution is readily achievable.

vi.   The plaintiff could not transfer to the toilet without assistance, as a trashcan obstructed the clear floor space. Violation: The required clear floor space is not provided next to the toilet, violating Section 4.16.2 & Figure 28 of the ADAAG, 28 CFR 36.211, and 604.3 of the 2010 ADA Standards, whose resolution is readily achievable.

## COUNT IV
## AS TO PALM SPRINGS MILE ASSOCIATES, LTD. AND THE TJX COMPANIES, INC.

37.   The Plaintiff adopts and re-alleges the allegations set forth in paragraphs 1 through 30 above as though fully set forth herein.

38.   Defendants, PALM SPRINGS MILE ASSOCIATES, LTD. and THE TJX COMPANIES, INC., have discriminated, and continue to discriminate, against Plaintiff in violation of the ADA by failing, inter alia, to have accessible facilities by January 26, 1992 (or January 26, 1993, if a Defendants have 10 or fewer employees and gross receipts of $500,000 or

less).  A list of the violations that Plaintiff encountered during his visit to the Commercial Property, include but are not limited to, the following:

A. <u>Public Restrooms</u>

i. The plaintiff could not exit the restroom without assistance, as the required maneuvering clearance was not provided due to the location of a trashcan. Violation: The restroom door does not provide the required latch side clearance due to a lack of maintenance violating Section 4.13.6 of the ADAAG, 28 CFR 36.211, and Section 404.2.4 of the 2010 ADA Standards, whose resolution is readily achievable.

ii. The plaintiff was exposed to a cutting/burning hazard because the lavatory outside the accessible toilet compartment have pipes that are not wrapped. Violation: The lavatory pipes are not fully wrapped or maintained outside the accessible toilet compartment violating Section 4.19.4 of the ADAAG and Sections 213.3.4 & 606.5 of the 2010 ADA Standards, whose resolution is readily achievable.

iii. The plaintiff could not use the toilet seat cover dispenser without assistance as it is mounted at a location where the clear floor space to access it is not provided. Violation: The clear floor space provided at elements in the restroom violates the provisions of Sections 4.2.4 and 4.27.2 of the ADAAG and Section 305.3 of the 2010 ADA Standards, whose resolution is readily achievable.

iv. The plaintiff could not transfer to the toilet without assistance, as the rear grab bar is not at the required location. Violation: The grab bars in the accessible toilet compartment do not comply with the requirements prescribed in Section 4.17.6 of the ADAAG and Section 604.5.2 of the 2010 ADA Standards, whose resolution is readily achievable.

v. The plaintiff could not use the mirror, as it is mounted too high. Violation: The mirrors provided in the restrooms are in violation of the requirements in Section 4.19.6 of the ADAAG and Section

603.3 of the 2010 ADA Standards, whose resolution is readily achievable.

vi. The plaintiff had difficulty opening the restroom door without assistance, as the door pressure to operate the door was excessive. Violation: There are doors at the facility that require excessive force to open them, in violation of Section 4.13.11 of the ADAAG and Section 404.2.9 of the 2010 ADA Standards, whose resolution is readily achievable.

**COUNT V**
**AS TO PALM SPRINGS MILE ASSOCIATES, LTD. AND WINN-DIXIE STORES, INC.**

39.     The Plaintiff adopts and re-alleges the allegations set forth in paragraphs 1 through 30 above as though fully set forth herein.

40.     Defendants, PALM SPRINGS MILE ASSOCIATES, LTD. and WINN-DIXIE STORES, INC., have discriminated, and continue to discriminate, against Plaintiff in violation of the ADA by failing, inter alia, to have accessible facilities by January 26, 1992 (or January 26, 1993, if a Defendants have 10 or fewer employees and gross receipts of $500,000 or less). A list of the violations that Plaintiff encountered during his visit to the Commercial Property, include but are not limited to, the following:

A.  Access to Goods and Services

i. There are drinking fountains that don't provide access to those who have difficulty bending or stooping. Violation: There are drinking fountains that are in violation of Section 4.1.3(10) of the ADAAG and Sections 211.2 & 602.7 of the 2010 ADA Standards, whose resolution is readily achievable.

ii. There is seating provided at the facility that does not comply with the standards prescribed in Section 4.32 of the ADAAG and Sections 226 & 902 of the 2010 ADA Standards, whose resolution is readily achievable.

B.  <u>Public Restrooms</u>

i.  The plaintiff was exposed to a cutting/burning hazard because the lavatory outside the accessible toilet compartment have pipes that are not wrapped. Violation: The lavatory pipes are not fully wrapped or maintained outside the accessible toilet compartment violating Section 4.19.4 of the ADAAG and Sections 213.3.4 & 606.5 of the 2010 ADA Standards, whose resolution is readily achievable.

ii.  The plaintiff could not use the accessible toilet compartment door without assistance, as it is not self-closing. Violation: The accessible toilet compartment door does not provide the features that comply with Sections 4.17.5 of the ADAAG and Section 604.8.1.2 of the 2010 ADA Standards, whose resolution is readily achievable.

iii.  The plaintiff was exposed to a cutting/burning hazard because the lavatory pipes are not wrapped. Violation: The lavatory pipes are not fully wrapped or insulated violating Section 4.19.4 of the ADAAG and Section 606.5 of the 2010 ADA Standards, whose resolution is readily achievable.

iv.  The plaintiff could not use the mirror, as it is mounted too high. Violation: The mirrors provided in the restrooms are in violation of the requirements in Section 4.19.6 of the ADAAG and Section 603.3 of the 2010 ADA Standards, whose resolution is readily achievable.

v.  The plaintiff could not transfer to the toilet without assistance, as objects are mounted less than 12" above a grab bar obstructing its use. Violation: The grab bars in the accessible toilet compartment do not comply with the requirements prescribed in Sections 4.17.6 and 4.26 of the ADAAG and Section 609.3 of the 2010 ADA Standards, whose resolution is readily achievable.

vi.  The plaintiff had difficulty using the toilet without assistance, as it is not mounted at the required distance from the side wall. Violation: The water closet in the accessible toilet compartment is mounted at a non-compliant distance from the wall in violation of Section 4.17.3 and Figure

30(a) of the ADAAG and Section 604.2 of the 2010 ADA Standards, whose resolution is readily achievable.

vii.   The plaintiff could not transfer to the toilet without assistance, as the side grab bar is not at the required location. Violation: The grab bars in the accessible toilet compartment do not comply with the requirements prescribed in Section 4.17.6 of the ADAAG and Section 604.5.1 of the 2010 ADA Standards, whose resolution is readily achievable.

### COUNT VI
### AS TO PALM SPRINGS MILE ASSOCIATES, LTD. AND DON PAN HIALEAH 585, LLC.

41.      The Plaintiff adopts and re-alleges the allegations set forth in paragraphs 1 through 30 above as though fully set forth herein.

42.      Defendants, PALM SPRINGS MILE ASSOCIATES, LTD. and DON PAN HIALEAH 585, LLC., have discriminated, and continue to discriminate, against Plaintiff in violation of the ADA by failing, inter alia, to have accessible facilities by January 26, 1992 (or January 26, 1993, if a Defendants have 10 or fewer employees and gross receipts of $500,000 or less). A list of the violations that Plaintiff encountered during his visit to the Commercial Property, include but are not limited to, the following:

A. Access to Goods and Services

i.   There is seating provided at the facility that does not comply with the standards prescribed in Section 4.32 of the ADAAG and Sections 226 & 902 of the 2010 ADA Standards, whose resolution is readily achievable.

B. Public Restrooms

i.   The plaintiff could not transfer to the toilet without assistance, as objects are mounted less than 12" above a grab bar obstructing its use. Violation: The grab bars do not comply with the requirements prescribed in Sections 4.16.4 & 4.26 of the ADAAG and Section 609.3 of the 2010

18

ADA Standards, whose resolution is readily achievable.

ii.  The plaintiff could not transfer to the toilet without assistance, as the side grab bar is not at the required location. Violation: The grab bars do not comply with the requirements prescribed in Section 4.16.4 & Figure 29 of the ADAAG and Section 604.5.1 of the 2010 ADA Standards, whose resolution is readily achievable.

## RELIEF SOUGHT AND THE BASIS

43.     The discriminatory violations described in Counts I through VI are not an exclusive list of the Defendants' ADA violations.  Plaintiff requests an inspection of the Defendants' places of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and barriers to access in conjunction with Rule 34 and timely notice. Plaintiff further requests to inspect any and all barriers to access that were concealed by virtue of the barriers' presence, which prevented Plaintiff, CARLOS BRITO, from further ingress, use, and equal enjoyment of the Commercial Business and business located within the Commercial Property; Plaintiff requests to be physically present at such inspection in conjunction with Rule 34 and timely notice.  A complete list of the Subject Premises' ADA violations, and the remedial measures necessary to remove same, will require an on-site inspection by Plaintiff's representatives pursuant to Federal Rule of Civil Procedure 34.

44.     The individual Plaintiff, and all other individuals similarly situated, have been denied access to, and have been denied full and equal enjoyment of the goods, services, facilities privileges, benefits, programs and activities offered by Defendants, Defendants' buildings, business and facilities; and has otherwise been discriminated against and damaged by the Defendants because of the Defendants' ADA violations as set forth above.  The individual Plaintiff, and all others similarly situated, will continue to suffer such discrimination, injury and

damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, The Plaintiff requires an inspection of the Defendants' place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

45.     Defendants have discriminated against the individual Plaintiff by denying him access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of its place of public accommodation or commercial facility, in violation of 42 U.S.C. § 12181 et seq. and 28 CFR 36.302 et seq.  Furthermore, the Defendants continue to discriminate against Plaintiff, and all those similarly situated, by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

46.     Plaintiff is without adequate remedy at law, will suffer irreparable harm, and has a clear legal right to the relief sought.  Further, injunctive relief will serve the public interest and all those similarly situated to Plaintiff.  Plaintiff has retained the undersigned counsel and is entitled to recover attorneys' fees, costs and litigation expenses from Defendants pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

47.     A Defendant is required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for their place of public accommodation, The Plaintiff and all others similarly situated, will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested

herein. In order to remedy this discriminatory situation, The Plaintiff requires an inspection of the Defendants' place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

48.     Notice to Defendants is not required as a result of the Defendants' failure to cure the violations by January 26, 1992 (or January 26, 1993, if a Defendants have 10 or fewer employees and gross receipts of $500,000 or less).  All other conditions precedent have been met by Plaintiff or waived by the Defendant.

49.     Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiff Injunctive Relief, including an order to alter the property where Defendants operate the business, located at and/or within the commercial property located at 415 W 49th St, Hialeah, FL 33012, the exterior areas, and the common exterior areas of the Commercial Property and business located within the Commercial Property, to make those facilities readily accessible and useable to The Plaintiff and all other mobility-impaired persons; or by closing the facility until such time as the Defendants cure the violations of the ADA.

WHEREFORE, The Plaintiff, CARLOS BRITO, respectfully requests that this Honorable Court issue (i) a Declaratory Judgment determining Defendants at the commencement of the subject lawsuit were and are in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.; (ii) Injunctive relief against Defendants including an order to make all readily achievable alterations to the facilities; or to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require Defendants to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such steps that may be

necessary to ensure that no individual with a disability is excluded, denied services, segregated or

otherwise treated differently than other individuals because of the absence of auxiliary aids and

services; (iii) An award of attorneys' fees, costs and litigation expenses pursuant to 42 U.S.C. §

12205; and (iv) such other relief as the Court deems just and proper, and/or is allowable under

Title III of the Americans with Disabilities Act.

Dated: November 16, 2020

**GARCIA-MENOCAL & PEREZ, P.L.**
*Attorneys for Plaintiff*
4937 S.W. 74th Court
Miami, Florida 33155
Telephone: (305) 553-3464
Facsimile: (305) 553-3031
Primary E-Mail: ajperez@lawgmp.com
Secondary E-Mails: bvirues@lawgmp.com
 aquezada@lawgmp.com

By:   */s/ Anthony J. Perez*
       ANTHONY J. PEREZ
       Florida Bar No.: 535451
       BEVERLY VIRUES
       Florida Bar No.: 123713